UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RYAN CHARLES HURST                                              CIVIL ACTION

VERSUS                                                          NO:    23-662

TANNER CODY HURST                                               SECTION: "T" (4)


REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Ryan Charles Hurst ("Ryan") is a pretrial detainee housed in the St. Tammany Parish. Rec. Doc. 5.  Ryan has now filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendant Tanner Cody Hurst ("Tanner").  *Id*. Ryan alleges that he gave his brother power of attorney to sell his land. *Id*. Ryan alleges that after Tanner sold it for $20,000.00, rather than giving Ryan the proceeds from the sale, Tanner only remitted $1,000.00 from the sale to Ryan. *Id*. It is Ryan's position that his brother stole the rest of the proceeds. *Id*.

II.  **Standard of Review for Frivolousness**

Pursuant 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v.*

*Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

"Although a private person may cause deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under the color of law." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The Defendant need not be an officer of the state to satisfy this requirement; private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. Alleging conspiracy between private and public actors satisfies this requirement. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights. " *Smith v. Grodner*, 2020 WL 3067270 (M.D. La. 2020). The allegation of conspiracy between private and state actors requires more than conclusory statements.

*Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). "Allegations that are merely conclusory, without reference to specific facts, will not suffice."

### III. Analysis

Ryan alleges that his brother Tanner was granted power of attorney to sell his home. Tanner sold the home, but allegedly kept all but $1000.00. Ryan therefore seeks to sue his brother for the return of the balance of his proceeds of $19,000.00.

Section 1983 grants the right to redress only to one whose constitutional rights were violated by a person acting under color of state law. *See* 42 U.S.C. § 1983. Ryan must prove not only that there was a constitutional violation, but also that Tanner was acting in joint participation with or under the color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984). Ryan would not be deemed a state actor unless a joint action with the state or one of its agents occurred. *See Pete v. Metcalfe*, 8 F.3d 214 (5th Cir. 1993); *see also Mills v. Criminal Dist. Court # 3*, 837 F.2d 677 (5th Cir. 1988).

In this case, Ryan has not alleged facts sufficient to show Tanner is a state actor or was involved in a joint action with the state or with state actors. Ryan's complaint does not set forth any allegations involving a state actor who Tanner could have been in joint participation with a state actor under § 1983. *Pete*, 8 F.3d at 217. Therefore, Ryan's claim against Tanner should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e) and §1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### IV. Recommendation

Accordingly,

It is therefore **RECOMMENDED** that Ryan Charles Hurst's § 1983 claims against Tanner Cody Hurst be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. §1915(e) and §1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrates judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected- to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1196).

New Orleans, Louisiana, this 18th day of July 2023.

  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**